**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MAJESTIC PROPERTIES OF TENNESSEE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:20-cv-02470-JPM-tmp |
| v. | ) ) | |
| FAY SERVICING, LLC, and WILSON & ASSOCIATES, PLLC, | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Before the Court is Defendant Fay Servicing, LLC's Motion to Dismiss the Complaint, filed on July 21, 2020.  (ECF No. 6.)  The Defendant moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Majestic Properties of Tennessee, LLC's Complaint in its entirety for failure to state a plausible claim for relief.  (See ECF No. 7 at PageID 23.) Defendant argues that Plaintiff's claim should be dismissed because "[t]here is no legal basis for Plaintiff's requested relief." (Id.)

Plaintiff filed its Response on August 12, 2020.  (ECF No. 11.)  Plaintiff asserts that the national emergency caused by the COVID-19 Pandemic ("the Pandemic") constitutes extraordinary circumstances that warrant the Court's consideration of this case as a matter of first impression.  (Id. at PageID 118.)  Specifically, Plaintiff asserts that, although its debt and mortgage is fully due and it received notice of the foreclosure sale at issue, the Pandemic renders the sale "commercially unreasonable, inequitable, and unfair." (Id.; Compl., ECF No. 1-2 ¶¶ 6–8.)

Defendant filed a Reply on August 19, 2020. (ECF No. 12.) It argues that Plaintiff's Response failed to address any of Defendant's arguments set forth in Defendant's Motion to Dismiss. (Id. at PageID 136.) Additionally, Defendant argues that the Pandemic is an insufficient justification for Plaintiff's alleged inability to explore refinancing options, because Plaintiff had been in default for at least ten months prior to the Pandemic and because banks were open for business immediately prior to the foreclosure sale. (Id. at PageID 138.)

For the reasons set forth below, the Defendant's Motion to Dismiss is **GRANTED**.

## I.       BACKGROUND

This action arises out of the April 3, 2020 foreclosure of real property located at 3606 Fairwood Cove, Shelby County, Tennessee ("the Property").[1] (ECF No. 7 at PageID 23; see also Exh. G, ECF No. 7-7.) Plaintiff Majestic Properties owned the Property at the time the Complaint was filed. (Compl., ECF No. 1-2 ¶ 1.) Defendant Fay Servicing was the mortgage servicer for the Property. (Id. ¶ 2.)

Majestic Properties admits that the debt or mortgage for the Property was fully due and had been since at least June 2019 and alleges that it had been attempting to refinance its obligation for the same time period. (Id.  ¶ 4.) As part of its refinancing efforts, Majestic Properties held a telephonic conference with Fay Servicing on April 1, 2020 seeking an extension of time to refinance the loan. (Id. ¶¶ 2, 8.) After that telephonic conference, during which Fay Servicing denied an extension, Plaintiff filed its Complaint seeking a temporary restraining order or an injunction to stay the foreclosure, as well as compensatory damages in the amount of $1,000,000. (Id. at PageID 10.) Fay Servicing removed the action to the United States District Court for the

---

[1] Plaintiff's Complaint, filed April 2, 2020, stated that the foreclosure sale was scheduled for April 3, 2020 at 11:00am. (Compl., ECF No. 1-2 ¶ 3.) In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff did not dispute that the foreclosure in fact took place on the scheduled date. (ECF No. 11 at PageID 118.)

Western District of Tennessee on June 30, 2020, after the foreclosure sale had already taken place. (ECF No. 1.)

Fay Servicing filed the instant Motion to Dismiss on July 21, 2020.  (ECF No. 6.)  Fay Servicing argues that it had "no duty to offer a loan modification or other loss mitigation assistance" to Majestic Properties and that the foreclosure sale cannot be found to be commercially unreasonable simply because Fay Servicing declined to postpone the sale due to the Pandemic. (ECF No. 7 at PageID 28.)

Majestic Properties filed its Response on August 12, 2020, arguing only that the foreclosure was commercially unreasonable because of the national emergency caused by the Pandemic.  (ECF No. 11 at PageID 118.)

Fay Servicing filed its Reply on August 19, 2020.  (ECF No. 12.)  Fay Servicing argues that "Plaintiff had every opportunity to bring the Loan current prior to the foreclosure and failed to do so.  Fay Servicing had no contractual or legal obligation to postpone the sale."  (Id. at PageID 138.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery.  Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage.  Iqbal, 556 U.S. at 679.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level."  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  A complaint need not contain detailed factual allegations.  Twombly, 550 U.S. at 570.  A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery."  Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012).

Assessing the facial sufficiency of a complaint ordinarily must be undertaken without resort to matters outside the pleadings.  Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010).  "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."  Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); see also Koubriti v. Convertino, 593 F.3d 459, 463 n.1 (6th Cir. 2010).  Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."  Commercial Money

Ctr., 508 F.3d at 335–36.  When evaluating a motion to dismiss, the Court may also take judicial notice of pertinent matters of public record, including bankruptcy filings.  Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028, 1040 n.5 (W.D. Tenn. 2003).

## III.   ANALYSIS

Plaintiff's sole claim in the Complaint is that "to conduct the sale [during the Pandemic was] commercially unreasonable and denie[d] the Plaintiff rights and opportunities that [it] would have during times of more normal business operations and activity."  (Compl., ECF No. 1-2 ¶ 7.) Majestic Properties admits that the mortgage is fully due, that it has been attempting to refinance the loan since June of 2019 and that it had notice of the sale.  (Id. ¶¶ 4, 8.)

"[T]o justify setting aside a foreclosure sale, a plaintiff must offer 'evidence of irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price."  Beasley v. Wells Fargo Bank, N.A, 744 F. App'x 906, 917 (6th Cir. 2018) (quoting Holt v. Citizens Cent. Bank, 688 S.W.2d 414, 416 (Tenn. 1985)). Interpreted in the light most favorable to the Plaintiff, the Complaint asserts that Fay Servicing's proceeding with the foreclosure sale during a national emergency was irregular and unfair.[2]

The Pandemic did not render the foreclosure sale commercially unreasonable and unfair. Majestic Properties was in default for at least ten months prior to the foreclosure sale and for at least nine months prior to the beginning of the national emergency caused by the Pandemic. Majestic Properties knew that it was in default and had been attempting to refinance its loan since at least June of 2019.  (Compl., ECF No. 1-2 ¶ 4.)  Fay Servicing had no legal or contractual obligation to postpone the foreclosure sale or assist Majestic Properties in obtaining refinancing. See Knowles v. Chase Home Fin., LLC, No. 111CV01051JDBEGB, 2012 WL 13018539, at *8

---

[2] Plaintiff's Response to Defendant's Motion to Dismiss more directly asserts that the foreclosure was "commercially unreasonable, inequitable, and unfair."  (ECF No. 11 at PageID 118.)

(W.D. Tenn. Aug. 2, 2012) (holding that a loan servicer has "no legal obligation to assist [the borrower] in preventing foreclosure").

Plaintiff does not cite to any case law or to any statutes in support of its claim.  (See Compl., ECF No. 1; Plaintiff's Response to Defendant's Motion to Dismiss, ECF No. 11.)   Instead, Majestic Properties "submits that in many respects [] this is a case of first impression" and asks this Court to rely on its experience with the Pandemic to conclude that the foreclosure was commercially unreasonable.  (ECF No. 11 at PageID 118.)  The Court declines to do so.  Majestic Properties had at least nine months prior to the Pandemic to obtain refinancing; it cannot use the Pandemic that began less than a month prior to the foreclosure sale as an excuse for its failure to do so, particularly where its ability to obtain refinancing has no relevance to a determination that the sale was commercially unreasonable.

In summary, Plaintiff's Complaint fails to allege any facts that would support a claim that the foreclosure sale was commercially unreasonable.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**, this 18th day of November, 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE